## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

POLYCONCEPT NORTH AMERICA, INC.

      Plaintiff

      V.

CLAUDE MALLOY, SR.,

      Defendant.

Civil Action No. 1:16-cv-5476

**COMPLAINT FOR DECLARATORY RELIEF AND TORTIOUS INTERFERENCE**

Plaintiff, Polyconcept North America, Inc. ("Polyconcept" or "Plaintiff"), brings this action against Defendant, Claude Malloy, Sr. ("Malloy" or "Defendant"), for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and for tortious interference with contractual and advantageous business relationship. By this Complaint, Polyconcept seeks a declaration by the Court that it has not violated Malloy's intellectual property rights, including patent rights, and seeks preliminary and permanent injunctive relief and damage, and alleges as follows:

### THE PARTIES

1.      Plaintiff is a Delaware corporation with its principal place of business at 400 Hunt Valley Road, New Kensington, Pennsylvania 15068.

2.      Upon information and belief, Defendant is an individual residing at 11 E. 6th Street, Huntington, New York 11746.

### JURISDICTION AND VENUE

3.      This is a civil action seeking damages and declaratory relief pursuant to 28 U.S.C.§§ 2201 and 2202.

4.      There is an issue of federal question involving allegations of patent infringement. Therefore, this Court has jurisdiction under 28 U.S.C. §§1331 and 1338.

5.      There is diversity of citizenship between the Parties.  Therefore, this Court has jurisdiction under 28 U.S.C. §1332.

6.      As the Court has original jurisdiction under 28 U.S.C.  §1338, it also has supplemental jurisdiction under 28 U.S.C. §1367

7.      This Court has personal jurisdiction over Malloy.  Malloy has solicited business in and directed communications at Illinois pertaining to the licensing and enforcement of United States Patent 8,484,807 titled "Necklace with Plastic Hand Having a Fresh Scent Compartment" (the "'807 Patent"), including threats of patent infringement to at least customers of Polyconcept, including but not limited to, Identity-Links, Inc., (Niles, IL) and Quality Logo Products, Inc. (Aurora, IL).  *See* Exhibits C and D filed herewith.

8.      Venue is proper in this district under 28 U.S.C. §§  1391(b) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois at the time the action was commenced.

**FACTUAL ALLEGATIONS**

9.      The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

10.      Upon information and belief, Malloy is the inventor and owner of the '807 Patent. The '807 Patent has a single independent claim, claiming a lanyard necklace assembly for attaching and carrying a fresh scent liquid-gel for hand sanitizing.  The necklace assembly includes a hand shaped compartment with a first neck portion extending outwardly from the compartment and located in the middle of the palm area of the hand for attaching the

2

compartment to a hang tab, a second neck portion located on the wrist area of the hand for

receiving a snap-top cap for dispensing the hand sanitizing liquid-gel. The claim also recites a

plastic hang tab including two adjacent apertures of substantially equal diameters, where the first

neck portion is positioned through the first aperture while the second aperture of the hang tab is

located in one of two alternative positions, the first position of the second aperture is located on a

side of the second neck portion in order to attach the swivel hook of said necklace thereto and the

second position of the second aperture is located over and on the second neck portion when not

attached to the swivel hook of the necklace, the second neck portion extending through said

second aperture. A copy of the '807 Patent is attached as Exhibit A.

11.    Polyconcept is a supplier of branded promotional products and sells "The Helping

Hand Sanitizer," identified by Polyconcept Product No. SM-1535 (hereinafter "Helping Hand").

Helping Hand is a plastic bottle having a single compartment molded in the shape of a hand that

is filled with hand sanitizer. Helping Hand also has a conventional plastic screw cap lid attached

to a necking portion at the wrist of the bottle that must be unscrewed and removed completely

from the bottle in order to dispense hand sanitizer. The Helping Hand is not a necklace and does

not include, nor is it designed to be used, with a lanyard. A copy of the product from the

Polyconcept's website is attached as Exhibit B.

12.    Polyconcept sells its products, including the Helping Hand, to its customers,

which include Identity-Links, Inc., The Promo Shop, The Executive Advertising, Motivators,

Inc., Quality Logo Products, Inc., JH Studios, Inc., IAS Promotes, and others. Polyconcept has a

contractual relationship with each of its customers.

13.    After purchase of Helping Hand from Polyconcept, customers may assign their

own product numbers to the product prior to reselling it.

14.     On May 5, 2016, Identity-Links, Inc., with a principal place of business in Niles, IL, received a letter from Malloy alleging that Identity-Links' Item No. HS900/ SM-1535, corresponding to the Helping Hand product purchased from Polyconcept, infringes the '807 Patent.  The letter demands that Identity-Links cease and desist the sale of Item No. HS900, and threatens to file suit against Identity-Links, Inc. if it did not comply with the demands in the letter to cease and desist sale of the Item No. HS900 or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit C.

15.     On May 9, 2016, Quality Logo Products, Inc., with a principal place of business in Aurora, IL, received a letter from Malloy alleging that Quality Logo Products, Inc.'s Item No. Q43231/ SM-1535, corresponding to the Helping Hand purchased from Polyconcept, infringes the '807 Patent, demanding that Quality Logo Products, Inc. cease and desist the sale of Item No. Q43231, and threatening to file suit against Quality Logo Products, Inc. if it did not comply with the demands in the letter to cease and desist sale of the Item No. Q43231 or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit D.

16.     On May 5, 2016, The Promo Shop, with a principal place of business in Farmingdale, NY, received a letter from Malloy alleging that The Promo Shop's Item No. 391/ SM-1535, corresponding to the Helping Hand purchased from Polyconcept, demanding that The Promo Shop cease and desist the sale of Item No. 391, and threatening to file suit against The Promo Shop if it did not comply with the demands in the letter to cease and desist sale of the Item No. 391 or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit E.

17.     On May 5, 2016, The Executive Advertising, with a principal place of business in Hendersonville, TN, received a letter from Malloy alleging that The Executive Advertising's

Item No. 342185/ SM-1535, corresponding to the Helping Hand purchased from Polyconcept, demanding that The Executive Advertising cease and desist the sale of Item No. 342185, and threatening to file suit against The Executive Advertising if it did not comply with the demands in the letter to cease and desist sale of the Item No. 342185 or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit F.

18.     On May 9, 2016, Motivators, Inc., with a principal place of business in Westbury, NY, received a letter from Malloy alleging that Motivators, Inc.'s Item No. 56580/ SM-1535, corresponding to the Helping Hand purchased from Polyconcept, demanding that Motivators, Inc. cease and desist the sale of Item No. 56580, and threatening to file suit against Motivators, Inc. if it did not comply with the demands in the letter to cease and desist sale of the Item No. 56580 or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit G.

19.     On May 9, 2016, JH Studios, Inc., with a principal place of business in Valrico, FL, received a letter from Malloy alleging that JH Studios, Inc.'s Item No. UIXOB-HWTPC/ SM-1535, corresponding to the Helping Hand purchased from Polyconcept, demanding that JH Studios, Inc. cease and desist the sale of Item No. UIXOB-HWTPC, and threatening to file suit against JH Studios, Inc. if it did not comply with the demands in the letter to cease and desist sale of the Item No. UIXOB-HWTPC or enter into a licensing agreement with Malloy.  A copy of the letter is attached as Exhibit H.

20.     On May 9, 2016, IAS Promotes, with a principal place of business in Philadelphia, PA, received a letter from Malloy alleging that AIS Promotes' Item No. SM-1535, corresponding to the Helping Hand purchased from Polyconcept, demanding that AIS Promotes, Inc. cease and desist the sale of Item No. SM-1535, and threatening to file suit against AIS

Promotes if it did not comply with the demands in the letter to cease and desist sale of the Item

No. SM-1535 or enter into a licensing agreement with Malloy. A copy of the letter is attached as

Exhibit I.

21. Polyconcept's Helping Hand bottle and hand sanitizer does not infringe the '807

Patent. The '807 Patent has only a single claim, which requires at a minimum, a necklace

including a swivel hook, a hand-shaped compartment having two necking portions, the first

necking portion extending from the palm of the hand-shaped compartment and the second

necking portion extending from the wrist of the hand shaped compartment including threads for

receiving a snap-top cap, and a plastic hang tab for attachment to both the hand-shaped

compartment and the necklace.

22. Among other differences, Polyconcept's Helping Hand does not incorporate a

necklace or swivel hook, does not have two necking portion extending from the palm of the hand

shaped compartment, and does not utilize a hang tab or snap-top cap. Therefore, Polyconcept's

Helping Hand cannot infringe the '807 Patent.

23. Polyconcept's Helping Hand is subject to Section 2-312 of the Uniform

Commercial Code (UCC), which warrants to the buyer that the goods being sold are "free of the

rightful claim of any third person by way of infringement or the like." Buyers of Polyconcept's

Helping Hand include Identity-Links, Inc., Quality Logo Products, Inc., The Promo Shop, The

Executive Advertising, Motivators, Inc., JH Studios, Inc., and IAS Promotes (the "Buyers").

## COUNT ONE
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,484,807

24.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

25.     As a result of Malloy's actions against Polyconcept's customers, Malloy has alleged that Polyconcept's Helping Hand infringes the '807 Patent and has threatened litigation regarding the same.

26.     Polyconcept has not infringed, and is not now infringing any claim of the '807 Patent.  Polyconcept does not sell and has not sold any product that meets all of the limitations of any valid claims of the '807 Patent.

27.     Polyconcept has not authorized its customers to sell any product that meets all of the limitations of any valid claim of the '807 Patent.

28.     As a result of the acts described in the foregoing paragraphs, an actual controversy of sufficient immediacy has arisen, and now exists, between Polyconcept and Malloy with respect to the '807 Patent.

29.     Pursuant to 28 U.S.C. sections 2201 and 2202, a judicial determination of the respective rights of the parties with respect to Polyconcept and Malloy is necessary and appropriate under the circumstances.

## COUNT TWO
## TORTIOUS INTERFERENCE WITH
## CONTRACTUAL AND ADVANTAGEOUS BUSINESS RELATIONSHIPS

30.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

31.     Polyconcept has contractual and advantageous long-term business relationships with its customers, which include Identity-Links, Inc., The Promo Shop, The Executive Advertising, Motivators, Inc., Quality Logo Products, Inc., JH Studios, Inc., AIS Promotes, and others, as well as prospective customers, for its Helping Hand product.

32.     Valid and enforceable contracts exist between Polyconcept and each of its customers, including Identity-Links, Inc., The Promo Shop, The Executive Advertising, Motivators, Inc., Quality Logo Products, Inc., JH Studios, Inc., AIS Promotes

33.     Malloy knew, or should have known, about Polyconcept's contractual and advantageous business relationships with customers and prospective customers for Helping Hand, and that Helping Hand originated from a single source.

34.     Malloy intentionally, unjustifiably and wrongfully interfered with Polyconcept's contractual and advantageous business relationships through improperly alleging infringement of Helping Hand without performing a proper infringement analysis prior to alleging infringement.

35.     As a direct and proximate result of Malloy's wrongful conduct, Polyconcept has suffered, and will continue to suffer damages, as some customers have stopped selling Helping Hand as a direct result of Malloy's letter alleging infringement.

**DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Issue a judicial declaration that Polyconcept's Helping Hand does not infringe the '807 Patent and that the intellectual property rights of Malloy have not be violated.

B.     Issue preliminary and permanent injunctions preventing Malloy from contacting Polyconcept's customers and potential customers and asserting allegations of infringement of the '807 Patent by Polyconcept's Helping Hand.

C.      Issue an Order awarding Plaintiff damages commensurate with the harm that it

has suffered.

D.      Issues an Order awarding Plaintiff its costs, expenses and reasonable attorney's

fees as provided by law; and

E.      Fashion such other and further relief that is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts of this Complaint so triable.


Respectfully submitted,

Polyconcept North America, Inc.



Date: May 23, 2016                          By: /s/Alissa A. Digman
                                                 Alissa A. Digman
                                                 OLSON & CEPURITIS, LTD.
                                                 20 North Wacker Drive
                                                 36th Floor
                                                 Chicago, Illinois  60606
                                                 (312) 580-1180
                                                 adigman@olsonip.com

                                                 Jodi-Ann McLane (*pro hac vice to be filed*)
                                                 John T. McInnes (*pro hac to be filed*)
                                                 Ashley B. Brandin (*pro hac vice to be filed*)
                                                 MCINNES & MCLANE, LLP
                                                 9 Exchange Street
                                                 Worcester, MA 01608
                                                 (508) 898-9494
                                                 jodi@mcmcip.com
                                                 john@mcmcip.com
                                                 ashley@mcmcip.com

                                                 Attorneys for Plaintiff
                                                 Polyconcept North America, Inc.